Case 4:15-cv-00897   Document 11   Filed in TXSD on 03/28/16   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
March 28, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON RYAN MARX, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-897 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM AND ORDER

Petitioner Jason Ryan Marx filed a petition for a writ of habeas corpus. The petition challenges the results of a prison disciplinary hearing.

I.   **Background**

Marx was found guilty in a prison disciplinary hearing on November 4, 2014. He received 45 days loss of recreation, 45 days commissary restriction, 45 days cell restriction, reduction in line class from L1 to L3, increase in custody level, loss of contact visits, and loss of 300 days of good time credit. Petition at 5. Marx contends that the disciplinary hearing violated his rights under the Fourteenth Amendment. He asks this Court to order restoration of his good time credit, line class, and custody level.

II.   **Analysis**

   A.   Conditions of Confinement

The federal habeas corpus statute allows this Court to entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).  In the context of a prison disciplinary hearing, a claim lies in habeas corpus if it challenges the fact or duration of the petitioner's confinement.  *See*, *e.g.*, *Preiser v. Rodriguez,* 411 U.S. 485, 500 (1973).

Marx plainly does not challenge the fact or duration of his confinement with regard to all of the penalties imposed on him other than the loss of good time credit and reduction in time-earning classification.  These penalties affected the conditions, but not the duration, of Marx's confinement

> Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir.1994). A habeas petition, on the other hand, is the proper vehicle to seek release from custody. *See Pugh v. Parish of St. Tammany,* 875 F.2d 436, 439 (5th Cir.1989).

*Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).  Therefore, relief is not available in habeas corpus with regard to these penalties.

B.     <u>Reduction in Time-Earning Classification</u>

Similarly, the reduction in Marx's time-earning classification is not cognizable in habeas corpus.  While reduced time earning could possibly delay Marx's release from custody, it will not inevitably do so.  "If 'a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release,' *Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir.1995) (per curiam), *cert. denied,* 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996), the proper vehicle is a § 1983 suit." *Carson v. Johnson*, 112 F.3d 818, 820©21 (5th Cir. 1997).

The Fifth Circuit has observed that the Texas legislature explicitly declined to create a right to good conduct time.  *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000).  Moreover, there is no guarantee that a prisoner will earn the maximum possible good time credit, or that he will not have earned credits later revoked.  Therefore, the effect of good time credit on future

release is too speculative and attenuated. "[T]he timing of [petitioner]'s release is too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time-earning status . . . ." *Id.* Because Marx has no protected liberty interest in any specific time-earning status, his reduction in time-earning status fails to identify a constitutional violation.

    C.    <u>Loss of Good Time Credit</u>

Marx's loss of good time credit also does not raise a constitutional claim in this case. Good time credit is relevant to a prisoner's release to mandatory supervision. "'Mandatory supervision' means the release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE ANN. § 508.001(5). A prisoner who is eligible for mandatory supervision must be released "when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a). Marx, however, is not eligible for mandatory supervision.

Marx was convicted of aggravated kidnapping. Petition at 2. Section 508.149(a)(4) of the Texas Government Code specifically provides that prisoners convicted of "a first degree felony under Section 20.04, Penal Code" are ineligible for release to mandatory supervision. Section 20.04 is the provision of the Penal Code making aggravated kidnapping a felony. Because Marx is ineligible for mandatory supervision, restoration of his good time credit will have no effect on his release date, and habeas corpus relief is unavailable.

    D.    <u>Parole</u>

To the extent that Marx complains that any of the penalties imposed might affect his release to parole, this, too, does not state a claim for relief. A prisoner has no right to release on

parole. Rather, parole is left to the discretion of the parole board. *See* TEX. GOV'T CODE ANN. § 508.141.

> Because it is entirely speculative whether a prisoner will be released on parole, the court has determined "that there is no constitutional expectancy of parole in Texas." [*Madison v. Parker*], [104 F.3d 765,] 768 [(5th Cir. 1997)]. Therefore, any delay in [petitioner]'s consideration for parole cannot support a constitutional claim.

*Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000).

### III.   Certificate of Appealability

Marx has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could

resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253© is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Marx's claims and concludes that he has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). This Court concludes that Marx is not entitled to a certificate of appealability.

## IV.   Conclusion And Order

For the foregoing reasons, it is ORDERED as follows:

A.   Respondent William Stephens' Motion for Summary Judgment (Dkt. No. 7) is GRANTED;

B.   Petitioner Jason Ryan Marx's petition for a writ of habeas corpus (Dkt. No. 1) is DISMISSED WITH PREJUDICE; and

C.   No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 28th day of March, 2016.

_____
Kenneth M. Hoyt
United States District Judge